IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-572-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





DALLAS DRYDEN,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY, 



NO. 36,406, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 The State seeks to appeal an order of the county court at law suppressing evidence. 
Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 1993). The underlying offense is
possession of less than two ounces of marihuana. Tex. Health & Safety Code Ann. § 481.121
(West 1992).

 The State is entitled to appeal an order granting a motion to suppress evidence "if
the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of
delay and that the evidence . . . is of substantial importance in the case." Art. 44.01(a)(5). 
"Prosecuting attorney" means the criminal district attorney and does not include an assistant. Tex.
Code Crim. Proc. Ann. art. 44.01(i) (West Supp. 1993); see State v. Muller, 829 S.W.2d 805,
809 (Tex. Crim. App. 1992). The criminal district attorney for Hays County did not certify that
this appeal was not taken for the purpose of delay. Instead, the certification was signed by an
assistant criminal district attorney. Thus, under the terms of the statute, the State is not entitled
to appeal the trial court's order. State v. Brown, No. 3-92-366-CR (Tex. App.--Austin Dec. 9,
1992, no pet. h.).

 The appeal is dismissed.


[Before Justices Powers, Aboussie and B. A. Smith]

Dismissed

Filed: January 13, 1993

[Do Not Publish]